| |
|---|
| **Zukowska v Kabir** |
| 2024 NY Slip Op 30779(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150953/2020 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. NICHOLAS W. MOYNE**     PART     **52**

*Justice*

-----------------------------------------------------------------X

MONIKA ZUKOWSKA,

         Plaintiff,

     - v -

HUMAYUN KABIR, AIM HIGH CAB CORP., THE CITY OF
NEW YORK, NEW YORK CITY POLICE DEPARTMENT

         Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150953/2020 |
| MOTION DATE | 09/11/2023, 10/26/2023 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for      JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 75, 76

were read on this motion to/for      AMEND CAPTION/PLEADINGS      .

Upon the foregoing documents, it is

Defendants New York City Police Department ("NYPD") and The City of New York (collectively the "City") move pursuant to CPLR §§ 3211 and 3212(b) to dismiss the complaint and any cross-claims against them and for summary judgment pursuant to CPLR § 3212. Plaintiff opposes the motion and cross-moves for leave to amend, *nunc pro tunc*, the Notice of Claim to allege that the City defendants had a special relationship with the plaintiff. As set forth more fully herein below, the City's motion is granted, and the defendant's cross-motion is denied.

## Background

Plaintiff contends that on July 15, 2019, they were a bicyclist who was struck by a vehicle driven by defendant Humayun Kabir ("Kabir") at the intersection of 6th Avenue

150953/2020 ZUKOWSKA, MONIKA vs. KABIR, HUMAYUN
Motion No. 002 003

Page 1 of 6

INDEX NO. 150953/2020

RECEIVED NYSCEF: 03/12/2024

and West 23rd Street. Plaintiff claims that, at the time of the accident, there was a NYPD officer directing traffic at the intersection, and the negligence of the officer in controlling and directing traffic contributed to the accident.

### The plaintiff's cross-motion is denied

The plaintiff moves to amend the notice of claim to add an allegation that the City defendants had as special relationship with the plaintiff. The proposed amended notice of claim would change the notice of claim by adding the language in **bold** to the existing notice of claim, which would be otherwise the same. The amended notice of claim would read, in pertinent part, "Upon information and belief, a NEW YORK CITY POLICE DEPARTMENT officer was directing traffic at said intersection **and therefore had a special relationship with all entrants to the intersection, including plaintiff.** Claimant, MONIKA ZUKOWSKA, was caused to be injured due the negligence, carelessness, recklessness of THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and their agents, servants, employees, and licensees in its ownership, operation, control of said intersection, and in THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT's causing, permitting, and/or allowing the accident to take place at the intersection" (Amended Notice of Claim, NYSCEF Doc. No. 71).

To the extent that plaintiff's cross-motion is made pursuant to GML § 50-e(5), such motion is untimely as it was not made within one year and ninety days of the time the claim arose, which is the time for commencement of this action.

To the extent that plaintiff's cross-motion to amend the complaint is made pursuant to GML § 50-e(6), to remedy a mistake, omission, irregularity or defect made in good faith, it is in the court's discretion to grant or deny the motion so long as it

150953/2020 ZUKOWSKA, MONIKA vs. KABIR, HUMAYUN
Motion No. 002 003

Page 2 of 6

2 of 6

[* 2]

appears that the other party will not be prejudiced (*see* GML § 50-e[6]). Here, as explained more fully below, amendment of the notice of claim would not make a difference in the ultimate outcome of the case as it fails to set forth a factual predicate for a special relationship. Accordingly, the court declines to exercise its discretion to allow amendment of the notice of claim. Therefore, the plaintiff's cross-motion is denied.

## **The City's motion is granted**

The City's motion to dismiss and for summary judgment is based upon the principles that a municipality's performance of a governmental function, such as traffic direction, cannot give rise to liability unless a plaintiff pleads and establishes a special duty, beyond a plenary duty owed to the public at large; and that the City is entitled to the defense of governmental function immunity given the discretionary nature of the conduct complained of.

The City cannot be liable for any alleged negligent performance of governmental functions by its agents, including the regulation of traffic, absent evidence of a special relationship between the injured party and the City (*see Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997] ["traffic regulation is a classic example of a governmental function undertaken for the protection and safety of the public pursuant to the general police powers"]). "The elements of this 'special relationship' are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's

**150953/2020 ZUKOWSKA, MONIKA vs. KABIR, HUMAYUN**
Motion No. 002 003

Page 3 of 6

3 of 6

affirmative undertaking" (*Kircher v City of Jamestown*, 74 NY2d 251, 257 [1989] [citations omitted]).

In the instant case, the plaintiff does not allege that there was contact between the traffic officer that plaintiff alleges was at the scene, or that the plaintiff justifiably relied upon the municipality's affirmative undertaking. Here, the plaintiff testified that she did not see the traffic officer as she approached the intersection and only saw them after the accident (*see* NYSCEF Doc. No. 44, December 18, 2019 50-h hearing Tr at p. 63 ln. 2 – 18; NYSCEF Doc. No. 45, January 25, 2022 Tr at p. 34 ln 23 – p. 35 ln. 7). As plaintiff did not notice the traffic control officer prior to the accident, she cannot be said to have relied upon them. Therefore, no special duty was established. This is in sharp contrast to *Florence v Goldberg* (44 NY2d 189 [1978]), the case relied upon by the plaintiff, wherein the Court of Appeals specifically stated that the plaintiff infant's mother *relied* upon the continued performance of the NYPD to provide a school crossing-guard. The facts alleged by the plaintiff are "an insufficient factual predicate for the theory that defendant City owed him a special duty of protection. It establishes neither that the City assumed any duty, either through promises or actions, to act on his behalf nor that he relied on such a promise" (*Mendez v City of New York*, 205 AD3d 425, 426 [1st Dept 2022] [no special relationship where Traffic Enforcement Agent directed plaintiff to proceed through an intersection, immediately after which he was struck by a taxicab]). Accordingly, there was no special duty to the plaintiff. Therefore, the claims against the City must be dismissed. Furthermore, as the traffic control officer was engaged in the discretionary governmental function of directing traffic when the accident occurred, the City cannot be held liable for his acts (*see Mendez, supra*).

**150953/2020  ZUKOWSKA, MONIKA vs. KABIR, HUMAYUN**
Motion No.  002 003

Page 4 of 6

[* 4]

## Conclusion

For the reasons set forth hereinabove, it is hereby

ORDERED that the motion of defendants New York City Police Department and The City of New York to dismiss the complaint herein is granted and the complaint and any cross-claims are dismissed in their entirety as against said defendants, with costs and disbursements to said defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that the caption is amended to:

```
--------------------------------------------------------------------------------X
```
MONIKA ZUKOWSKA,

Plaintiff,

- v -

HUMAYUN KABIR and AIM HIGH CAB CORP

Defendant.
```
--------------------------------------------------------------------------------X
```
and it is further

ORDERED that the plaintiff's cross-motion is denied; and it is further

ORDERED that as The City of New York is no longer a defendant in this matter and no party is represented by corporation counsel (the New York City Law Department), this matter is remanded to the Clerk's Office for reassignment to a general IAS Part; and it is further

150953/2020  ZUKOWSKA, MONIKA vs. KABIR, HUMAYUN
Motion No.  002 003

Page 5 of 6

5 of 6

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the decision and order of the court.

| | |
|---|---|
| 3/11/2024 | |
| DATE | NICHOLAS W. MOYNE, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150953/2020  ZUKOWSKA, MONIKA vs. KABIR, HUMAYUN
Motion No.  002 003

Page 6 of 6

6 of 6